32098:BBK:cd:February 23, 2017

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
CALENDAR: B
PAGE 1 of 20
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Andrew Gardner II ) | |
| ) | |
| Plaintiff, ) | No: |
| ) | |
| vs. ) | Amount: In Excess of Fifty Thousand |
| ) | Dollars ($50,000.00) Plus the Costs |
| Wal-Mart Stores, Inc., a foreign ) | Of This Suit. |
| corporation, Wal-Mart Real Estate ) | |
| Business Trust, a foreign business trust, ) | |
| and Monroe Asset Management, LLC. an ) | |
| Illinois corporation, ) | |
| ) | |
| Defendant. ) | Return Date: |

## COMPLAINT

NOW COMES the Plaintiff, Andrew Gardner II, by and through his attorney's, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, Wal-Mart Stores, Inc., Wal-Mart Real Estate Business Trust a foreign corporation, and Monroe Asset Management, LLC. an Illinois corporation states as follow:

### COUNT I - Andrew Gardner II v. Wal-Mart Stores, Inc.

1. That on or about February 26, 2015, and at all relevant times herein, Defendant Wal-Mart Stores, Inc., was a foreign corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. did own, operate, manage and control a certain business located at or near 8331 South Stewart Avenue, Chicago, Illinois, 60620 (hereinafter "Premise").

1

3. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. made said premises available to the general public and said business was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. invited and allowed the Plaintiff, Andrew Gardner II, to enter upon said Premises and Plaintiff was, in fact, lawfully upon said Premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff was an intended and permitted user of said premises owned by Defendant Wal-Mart Stores, Inc.

6. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, Plaintiff was then and there lawfully upon said Premises when he did suffer injuries in or at said Premises due to a dangerous condition on the Premises thereon consequential to the negligence of Defendant Wal-Mart Stores, Inc., to wit: a hole in the ground near an entrance of the Premise which caused Plaintiff to trip, fall, and be injured.

8. That at the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of Defendant Wal-Mart Stores, Inc.as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 2 of 20

10. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. owed a duty to Plaintiff and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to persons proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, Defendant Wal-Mart Stores, Inc. negligently breached its duty to Plaintiff, by acting with disregard for the safety of Plaintiff, through one or more of the following acts and/or omissions:

    a. Permitted and allowed the aforesaid unreasonably dangerous condition at said Premise to be and remain in an unreasonably dangerous condition;

    b. Negligent failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

    c. Failed to adequately maintain said Premises;

    d. Maintained said Premises in an open, defective condition for an unreasonable

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 3 of 20

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 4 of 20

length of time;

e. Failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said Premises; and/or

f. Caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant Wal-Mart Stores, Inc.'s negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant Wal-Mart Stores, Inc., Plaintiff suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, Andrew Gardner II, demands judgment against the Defendant, Wal-Mart Stores, Inc., a foreign corporation, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of suit.

**COUNT II - Andrew Gardner II v. Wal-Mart Stores, Inc.**

1. That on or about February 28, 2015, and at all relevant times herein, Defendant Wal-Mart Stores, Inc., was a foreign corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. did own, operate, manage and control a certain business located at or near 8331 South Stewart Avenue, Chicago, Illinois, 60620 (hereinafter "Premise").

3. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. made said premises available to the general public and said business was, in fact, used by the general public.

4

4. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. invited and allowed the Plaintiff, Andrew Gardner II, to enter upon said Premises and Plaintiff was, in fact, lawfully upon said Premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff was an intended and permitted user of said premises owned by Defendant Wal-Mart Stores, Inc.

6. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, Plaintiff was then and there lawfully upon said Premises when he did suffer injuries in or at said Premises due to a dangerous condition on the Premises thereon consequential to the negligence of Defendant Wal-Mart Stores, Inc., to wit: a hole in the ground near an entrance of the Premise which caused Plaintiff to trip, fall, and be injured.

8. That at the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of Defendant Wal-Mart Stores, Inc.as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. had either actual or constructive notice that its failure to either remedy or repair the

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 5 of 20

aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Stores, Inc. owed a duty to Plaintiff and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to persons proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, Defendant Wal-Mart Stores, Inc. negligently breached its duty to Plaintiff, by acting with disregard for the safety of Plaintiff, through one or more of the following acts and/or omissions:

   a. Permitted and allowed the aforesaid unreasonably dangerous condition at said Premise to be and remain in an unreasonably dangerous condition;

   b. Negligent failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

   c. Failed to adequately maintain said Premises;

   d. Maintained said Premises in an open, defective condition for an unreasonable length of time;

   e. Failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said Premises; and/or

   f. Caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant Wal-Mart Stores, Inc.'s negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 6 of 20

Defendant Wal-Mart Stores, Inc., Plaintiff suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, Andrew Gardner II, demands judgment against the Defendant, Wal-Mart Stores, Inc., a foreign corporation, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of suit.

### COUNT III - Andrew Gardner II v. Wal-Mart Real Estate Business Trust

1. That on or about February 26, 2015, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust, was a foreign corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust did own, operate, manage and control a certain business located at or near 8331 South Stewart Avenue, Chicago, Illinois, 60620 (hereinafter "Premise").

3. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust made said premises available to the general public and said business was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust invited and allowed the Plaintiff, Andrew Gardner II, to enter upon said Premises and Plaintiff was, in fact, lawfully upon said Premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff was an intended and permitted user of said premises owned by Defendant Wal-Mart Real Estate Business Trust

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 7 of 20

7

6. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, Plaintiff was then and there lawfully upon said Premises when he did suffer injuries in or at said Premises due to a dangerous condition on the Premises thereon consequential to the negligence of Defendant Wal-Mart Real Estate Business Trust, to wit: a hole in the ground near an entrance of the Premise which caused Plaintiff to trip, fall, and be injured.

8. That at the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of Defendant Wal-Mart Real Estate Business Trust as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 8 of 20

12. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust owed a duty to Plaintiff and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to persons proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, Defendant Wal-Mart Real Estate Business Trust negligently breached its duty to Plaintiff, by acting with disregard for the safety of Plaintiff, through one or more of the following acts and/or omissions:

   a. Permitted and allowed the aforesaid unreasonably dangerous condition at said Premise to be and remain in an unreasonably dangerous condition;

   b. Negligent failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

   c. Failed to adequately maintain said Premises;

   d. Maintained said Premises in an open, defective condition for an unreasonable length of time;

   e. Failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said Premises; and/or

   f. Caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant Wal-Mart Real Estate Business Trust's negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant Wal-Mart Real Estate Business Trust, Plaintiff suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, Andrew Gardner II, demands judgment against the

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 9 of 20

Defendant, Wal-Mart Real Estate Business Trust, a foreign corporation, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of suit.

### COUNT IV - Andrew Gardner II v. Wal-Mart Real Estate Business Trust

1. That on or about February 28, 2015, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust, was a foreign corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust did own, operate, manage and control a certain business located at or near 8331 South Stewart Avenue, Chicago, Illinois, 60620 (hereinafter "Premise").

3. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust made said premises available to the general public and said business was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust invited and allowed the Plaintiff, Andrew Gardner II, to enter upon said Premises and Plaintiff was, in fact, lawfully upon said Premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff was an intended and permitted user of said premises owned by Defendant Wal-Mart Real Estate Business Trust

6. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 10 of 20

7. That at the aforesaid time and place, Plaintiff was then and there lawfully upon said Premises when he did suffer injuries in or at said Premises due to a dangerous condition on the Premises thereon consequential to the negligence of Defendant Wal-Mart Real Estate Business Trust, to wit: a hole in the ground near an entrance of the Premise which caused Plaintiff to trip, fall, and be injured.

8. That at the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of Defendant Wal-Mart Real Estate Business Trust as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant Wal-Mart Real Estate Business Trust owed a duty to Plaintiff and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 11 of 20

said Premises in order to guard against foreseeable injuries to persons proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, Defendant Wal-Mart Real Estate Business Trust negligently breached its duty to Plaintiff, by acting with disregard for the safety of Plaintiff, through one or more of the following acts and/or omissions:

    a. Permitted and allowed the aforesaid unreasonably dangerous condition at said Premise to be and remain in an unreasonably dangerous condition;

    b. Negligent failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

    c. Failed to adequately maintain said Premises;

    d. Maintained said Premises in an open, defective condition for an unreasonable length of time;

    e. Failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said Premises; and/or

    f. Caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant Wal-Mart Real Estate Business Trust's negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant Wal-Mart Real Estate Business Trust, Plaintiff suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, Andrew Gardner II, demands judgment against the Defendant, Wal-Mart Real Estate Business Trust, a foreign corporation, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of suit.

### COUNT V - Andrew Gardner II v. Monroe Asset Management, LLC.

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 12 of 20

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 13 of 20

1. That on or about February 26, 2015, and at all relevant times herein, Defendant Monroe Asset Management, LLC., was an Illinois corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, Defendant Monroe Asset Management, LLC. did own, operate, manage and control a certain business located at or near 8331 South Stewart Avenue, Chicago, Illinois, 60620 (hereinafter "Premise").

3. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. made said premises available to the general public and said business was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. invited and allowed the Plaintiff, Andrew Gardner II, to enter upon said Premises and Plaintiff was, in fact, lawfully upon said Premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff was an intended and permitted user of said premises owned by Defendant Monroe Asset Management, LLC.

6. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, Plaintiff was then and there lawfully upon said Premises when he did suffer injuries in or at said Premises due to a dangerous condition on the Premises thereon consequential to the negligence of Defendant Monroe Asset Management,

13

LLC., to wit: a hole in the ground near an entrance of the Premise which caused Plaintiff to trip, fall, and be injured.

8. That at the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of Defendant Monroe Asset Management, LLC.as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. owed a duty to Plaintiff and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to persons proximately caused by the aforesaid unreasonably dangerous condition.

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 14 of 20

13. That at the aforesaid time and place, Defendant Monroe Asset Management, LLC.
negligently breached its duty to Plaintiff, by acting with disregard for the safety of Plaintiff,
through one or more of the following acts and/or omissions:

    a. Permitted and allowed the aforesaid unreasonably dangerous condition at said Premise to be and remain in an unreasonably dangerous condition;

    b. Negligent failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

    c. Failed to adequately maintain said Premises;

    d. Maintained said Premises in an open, defective condition for an unreasonable length of time;

    e. Failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said Premises; and/or

    f. Caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant Monroe Asset Management, LLC.'s negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant Monroe Asset Management, LLC., Plaintiff suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, Andrew Gardner II, demands judgment against the Defendant, Monroe Asset Management, LLC., an Illinois corporation organized, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of suit.

### COUNT VI - Andrew Gardner II v. Monroe Asset Management, LLC.

1. That on or about February 28, 2015, and at all relevant times herein, Defendant Monroe Asset Management, LLC., was an Illinois corporation organized and licensed to do business and existing under the laws of the State of Illinois.

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 15 of 20

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 16 of 20

2. That at the aforesaid time, and at all relevant times herein, Defendant Monroe Asset Management, LLC. did own, operate, manage and control a certain business located at or near 8331 South Stewart Avenue, Chicago, Illinois, 60620 (hereinafter "Premise").

3. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. made said premises available to the general public and said business was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. invited and allowed the Plaintiff, Andrew Gardner II, to enter upon said Premises and Plaintiff was, in fact, lawfully upon said Premises.

5. That at the aforesaid time and place, and at all relevant times herein, Plaintiff was an intended and permitted user of said premises owned by Defendant Monroe Asset Management, LLC.

6. That at all relevant times herein, Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, Plaintiff was then and there lawfully upon said Premises when he did suffer injuries in or at said Premises due to a dangerous condition on the Premises thereon consequential to the negligence of Defendant Monroe Asset Management, LLC., to wit: a hole in the ground near an entrance of the Premise which caused Plaintiff to trip, fall, and be injured.

8. That at the aforesaid unreasonable dangerous condition was present at said Premises consequential to the negligence of Defendant Monroe Asset Management, LLC. as hereinafter set forth.

9. That the aforesaid unreasonable dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. had either actual or constructive notice that its failure to either remedy or repair the aforesaid unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, Defendant Monroe Asset Management, LLC. owed a duty to Plaintiff and to the public generally, to refrain from negligent conduct which would endanger the safety of Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to persons proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, Defendant Monroe Asset Management, LLC. negligently breached its duty to Plaintiff, by acting with disregard for the safety of Plaintiff, through one or more of the following acts and/or omissions:

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 17 of 20

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 18 of 20

a. Permitted and allowed the aforesaid unreasonably dangerous condition at said Premise to be and remain in an unreasonably dangerous condition;

b. Negligent failure to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

c. Failed to adequately maintain said Premises;

d. Maintained said Premises in an open, defective condition for an unreasonable length of time;

e. Failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said Premises; and/or

f. Caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant Monroe Asset Management, LLC.'s negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant Monroe Asset Management, LLC., Plaintiff suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, Andrew Gardner II, demands judgment against the Defendant, Monroe Asset Management, LLC., an Illinois corporation organized, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus the costs of suit.

Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC #41535**
**By: Benjamin B. Kelly**
Attorneys for Plaintiff
741 North Dearborn Street
Chicago, Illinois 60654
(312) 482-8200

## RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit does/~~does not~~ exceed Fifty Thousand Dollars ($50,000.00)

X *Andrew Gardner*

ELECTRONICALLY FILED
2/24/2017 5:45 PM
2017-L-002054
PAGE 19 of 20